### Levi Morris *vs.* Henry Bowman.

In an action on a promissory note, in which the defence relied on was want of consideration, and there was conflicting testimony, the plaintiff requested the judge to instruct the jury that the note was sufficient evidence of consideration, *prima facie*, in the absence of other evidence, and if they were not satisfied of the truth of the defendant's evidence the verdict must be for the plaintiff. But the judge instructed them that although the law was so, he could not give that instruction, but that there being other evidence besides the note, they must consider all the evidence and find a verdict on the fair preponderance of evidence, and the burden of proof was on the plaintiff. *Held*, that the plaintiff had no ground of exception.

ACTION OF CONTRACT on a promissory note. Answer, want of consideration.

At the trial in the superior court of Suffolk at July term 1857 before *Nelson*, C. J., the plaintiff put in the note, and rested. The defendant then called witnesses who testified that there was no consideration for the note, and the plaintiff in rebuttal called other witnesses who testified that there was.

The judge instructed the jury that the main question was one of fact; that as the defendant set up a want of considera-

tion, the burden of proof was on the plaintiff throughout the whole case to show a consideration.

The plaintiff's counsel, after the charge, requested the judge to instruct the jury that putting in the note was sufficient evidence of the consideration, *prima facie*, in the absence of other evidence; and if they were not satisfied of the truth of the defendant's evidence, the verdict must be for the plaintiff. The judge then stated to the jury that such was the law, still he could not give the instruction as prayed for, because, though that mere statement was correct, yet there being other evidence in the case besides the note, they must consider all that; and considering the whole evidence, they must find the fact on the fair preponderance of the testimony, and remembering throughout that the burden of proof was on the plaintiff. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. O. Shattuck*, for the plaintiff, cited *Powers* v. *Russell*, 13 Pick. 76; *Delano* v. *Bartlett*, 6 Cush. 364.

*B. S. Tréanor*, for the defendant.

BIGELOW, J. These exceptions are groundless. The instructions were strictly correct in point of law. *Delano* v. *Bartlett*, 6 Cush. 364. It is true that the judge did not adopt the exact language of the legal proposition which the plaintiff's counsel asked him to state to the jury, nor was he bound to do so, but he embodied the substance of it in his charge, coupling it however with other legal and appropriate instructions, which were adapted to the facts in proof. We cannot sustain these exceptions unless we are prepared to say that it is error for a judge to refuse to give instructions on matters of law in the precise form in which they are put by counsel. It is obvious that the adoption of any such rule would be productive of mischief. Abstract propositions often mislead. It is the function of practical jurisprudence to apply rules to cases in such manner that the common mind may be led to just results. *Exceptions overruled.*